NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-867

COMMONWEALTH

<u>vs</u>.

ALBERTO SOTO.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

In 2013, the defendant, Alberto Soto, pleaded guilty in District Court to operating a motor vehicle while under the influence of liquor, second offense, G. L. c. 90, § 24 (1) (<u>a</u>) (1).  In 2021, the defendant filed a motion to withdraw his plea.  The defendant appeals from the order denying his motion.  Concluding that the judge acted within his discretion in concluding that the defendant had not demonstrated a reasonable probability that he would not have pleaded guilty had he known of government misconduct, we affirm.

1.  <u>Standard of review</u>.  "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)."  <u>Commonwealth</u> v. <u>Lastowski</u>, 478 Mass. 572, 575

(2018), quoting Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016). "We 'review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion.'" Commonwealth v. Barros, 494 Mass. 100, 111 (2024), quoting Sylvester, supra. "Particular deference is to be paid to the rulings of a motion judge who served as the [plea] judge in the same case." Commonwealth v. Lewis, 96 Mass. App. Ct. 354, 357 (2019), quoting Sylvester, supra at 6.

2. Withdrawal of guilty plea. Where, as here, the defendant pleaded guilty and the evidence against him included breath test results from an Alcotest 9510 breathalyzer last calibrated prior to April 18, 2019, he is "entitled to a conclusive presumption of egregious government misconduct." Commonwealth v. Hallinan, 491 Mass. 730, 731 (2023). In that circumstance, to obtain relief, the defendant must "demonstrate a reasonable probability that he or she would not have pleaded guilty had he or she known of [the] misconduct." Id. at 750. Factors to consider in determining whether such a reasonable probability has been established include

> "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's

2

possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement."

Id., quoting Commonwealth v. Scott, 467 Mass. 336, 355 (2014). The plea judge acted within his discretion in deciding that the defendant failed to meet that burden.

Even without the breathalyzer evidence, the case against the defendant was strong. When a State trooper turned on his lights to stop the defendant for a headlights infraction, the defendant drove over a traffic island, parked, and then "bounced off the side of the vehicle" when exiting his car. The defendant's speech at the time of arrest was "extremely slurred," a "strong odor of alcoholic beverage emanated from his breath," and his eyes were "bloodshot and glassy." The defendant told the arresting trooper that he had drunk "about a 6 pack of Coors Light and was on his way now to pick up more beer." There were several cans of beer inside the defendant's car, one of which was open and had poured out onto the floor in front of the driver's seat. The defendant was unable to locate his registration and failed all four of the field sobriety tests the arresting trooper asked him to complete. While being transported to the station for booking, the defendant repeatedly requested that the officer "just beat him up and drive him

3

home," and, as he walked into the station, he was "swerving and swaying."[1]  The judge was well within his discretion in finding that this evidence against the defendant was "strong."  Contrast Hallinan, 491 Mass. at 750 (reasonable probability defendant would not have pleaded guilty without breathalyzer evidence where breathalyzer evidence was "crown jewel" of Commonwealth's case and only other evidence was brief interaction between defendant and officers and defendant's statement that she had consumed three drinks at some point).

Furthermore, the defendant received a favorable plea deal. At the time of the plea agreement, the defendant had a second complaint against him charging him with leaving the scene of property damage, G. L. c. 90, § 24 (2) (a), and operating a motor vehicle while under the influence of drugs, G. L. c. 90, § 24 (1) (a) (1).  The defendant pleaded guilty to all counts of both complaints, and the judge sentenced him to six months in a house of correction, concurrent on all charges, with a recommendation that the defendant be held at the Western

_____

[1] The defendant argues that much of the evidence that he was intoxicated is consistent with the symptoms of diabetes or neuropathy, conditions from which the defendant suffers.  He identifies this as the defense he would have pursued at trial. But the defendant's medical conditions cannot explain, among other things, why there was a spilled can of beer on the floor in front of him, or why he told the arresting officer that he had drunk a six-pack of beer and was on his way to get more.

4

Massachusetts Correctional Addiction Center, a residential treatment center. It was well within the judge's discretion to believe that, even without the breathalyzer evidence, the defendant would have opted for such a favorable plea agreement rather than risk facing greater criminal sanctions at trial. Contrast Hallinan, 491 Mass. at 750-751.

By contrast, the defendant relied on his self-serving affidavit, in which he stated that he would have taken the case to trial had he known the breathalyzer result was inadmissible. "The motion judge was not required to credit any claims . . . in the defendant's self-serving affidavit." Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 178 (2018). Here, the judge had ample reason to discredit the defendant's affidavit.[2]

---

[2] The defendant also submitted an affidavit from his plea attorney, stating that, if he had known that the breath test would have been excluded, that "may have affected [his] advice . . . as to whether [the defendant] should accept a plea offer." Defense counsel's indecisive statement does not provide meaningful support to the defendant's claim. Contrast Hallinan, 491 Mass. at 751 (reasonable probability established where plea attorney's affidavit stated that "[h]ad he known . . . the breathalyzer test was not admissible, he would have advised the defendant to proceed to trial," and defendant's affidavit stated that she would have followed his advice).

Accordingly, the judge properly denied the defendant's motion to withdraw his guilty plea.

> Order denying motion to withdraw guilty plea affirmed.
>
> By the Court (Sacks, Ditkoff & Toone, JJ.[3]),
>
> *Paul Little*
>
> Clerk

Entered:  September 24, 2024.

---

[3] The panelists are listed in order of seniority.